MATTER OF SMITH

In Exclusion Proceedings

A-13471451

· *Decided by Board July 22, 1966*

Where an alien acquired commuter status in 1963 in connection with which she
was employed in her sister's restaurant; her commuter status was subse-
quently lost due to unemployment after the sale of the restaurant in 1964;
and she thereafter made numerous entries into the United States as a com-
muter, last applying for admission in such status on April 25, 1966, by pre-
sentation on each such occasion of her Form I-151 and a false letter of
employment which showed that she was still employed in her sister's res-
taurant, such false letter of employment constitutes "other documentation"
which was procured by fraud or willful misrepresentation of a material
fact; therefore, she is inadmissible under section 212(a)(19) of the Immi-
gration and Nationality Act.

EXCLUDABLE: Act of 1952—Section 212(a)(19) [8 U.S.C. 1182(a)(19]—Has
procured "other documentation," and seeks to
enter the United States by fraud or by willfully
misrepresenting a material fact.

The case comes forward pursuant to certification by the special
inquiry officer of his order dated May 24, 1966 finding the applicant
excludable under the provisions of section 212(a)(19) of the Immi-
gration and Nationality Act and ordering that she be excluded and
deported from the United States.

The special inquiry officer in a long and exhaustive opinion has
thoroughly discussed the evidence in the case. Briefly, the record
relates to a native and citizen of Canada, 48 years old, married,
female, who applied for admission to the United States at Detroit,
Michigan on April 25, 1966 as a commuter. She had originally
been admitted for permanent residence on May 15, 1963 and soon
thereafter, in June, 1963, her status was adjusted to that of a com-
muter (Exhibit 3).

The evidence establishes that the applicant has not been employed
in the United States since May 1964 when her sister's restaurant,

738

where she had been employed, was sold. Since that time she has on numerous occasions entered the United States as a commuter by presentation of her Form I-151, Resident Alien Identification Card, and a false letter of employment which showed that she was still employed in her sister's restaurant. The last commuter stamp on the false employment letter contained an expiration date of March 13, 1966 when she again sought admission as a commuter on April 25, 1966. In addition, the applicant has on a number of occasions subsequent to May 1964 obtained admission to the United States as a visitor upon presentation of her Canadian birth certificate. The applicant has admitted that she has rubber stamped the restaurant letterhead and has forged and presented other such letterheads for the purpose of keeping her commuter status current. She explained she desired to conceal the fact that she had abandoned her commuter status for the reason that she expects to move to the United States in a couple of years and had heard that if she surrendered her visa she could not get it back.

A commuter who has been out of employment in the United States for six months or more is deemed to have abandoned status as a permanent resident of the United States and is not admissible without again qualifying for admission as a permanent resident.[1] Thus, the commuter, even though in possession of an I-151, Resident Alien Border Crossing Identification Card, is not entitled to the commuter status under such circumstances.[2] The applicant's attempt to qualify as a commuter upon the presentation of a fraudulent employment letter was material to her admission to the United States and was used in order to facilitate her admission in the capacity in which she sought to enter as a commuter.[3] The fraudulent letter of employment constituted "other document" which was procured by fraud or wilful misrepresentation of a material fact.[4] She is, therefore, inadmissible on the ground stated by the special inquiry officer. The applicant's alleged illness occurred, if at all, after she had lost status as a commuter and was not a factor in the case. The order of the special inquiry officer will be affirmed.

ORDER: It is ordered that the order of the special inquiry officer dated May 24, 1966 be affirmed.

[1] Matter of M—D—S—, et al, 8 I. & N. Dec. 209, 213.
[2] Matter of D—O—, 8 I. & N. Dec. 519.
[3] Cf. Matter of O—, 7 I. & N. Dec. 486, 487.
[4] Matter of S— and B—O—, 9 I. & N. Dec. 436.